UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANNY ALARCON, *individually and on*
*behalf of others similarly situated,*                                       **COMPLAINT**

                                                                             **COLLECTIVE ACTION UNDER**
                                          *Plaintiff,*                       **29 U.S.C. § 216(b)**

-against-                                                                    **CASE NO:**

SULLIVAN CUSTOM WOOD
FLOORING, INC. d/b/a SULLIVAN
WOOD FLOORS and EDWARD SCOTT,

                                          *Defendants.*
-------------------------------------------------------------X

## COMPLAINT

   Danny Alarcon ("Plaintiff"), individually and on behalf of others similarly situated, by and

through his attorneys, the Law Offices of Nolan Klein, P.A., upon his knowledge and belief, and

as against Defendants, SULLIVAN CUSTOM WOOD FLOORING, INC. d/b/a SULLIVAN

WOOD FLOORS, and EDWARD SCOTT, ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

   1.   Plaintiff is a current employee of Defendants.

   2.   Defendant, Edward Scott, owns, operates, and/or controls that certain business

located at 1455 Cromwell Ave, Bronx, New York 10452, doing business as Sullivan Wood Floors

(hereinafter "Sullivan Wood Floors").

   3.   Plaintiff has been continually employed by Defendants since approximately April

2009.

   4.   In early 2017 the U.S. Department of Labor concluded their investigation of

Defendants and awarded Plaintiff payment of back wages from October 4, 2014 through October

8, 2016. Plaintiff personally excludes that time period from his federal wage claims against Defendants.

5.     Plaintiff has been on disability since approximately August 2017.

6.     Prior to August 2017, Plaintiff was employed by Sullivan Wood Floors to install flooring.

7.     Prior to August 2017, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

8.     Prior to August 2017, Defendants failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.     Defendants' conduct extends beyond Plaintiff to all other similarly situated employees, including employees working in all departments of the Defendants business.

10.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff seeks certification of this action as a collective action on behalf of himself individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

### *Plaintiff Danny Alarcon*

15.     Plaintiff is over the age of 18 years, *sui juris*, and a resident of this district.

16.     Plaintiff's employment began on or around April 2009.

17.     On or around August 2017 Plaintiff began collecting disability.

18.     Plaintiff is currently employed by Defendants.

### *Defendant Corporation*

19.     At all times relevant to this complaint, Defendant owned, operated, and/or controlled a flooring business located at 1455 Cromwell Ave, Bronx, New York 10452.

20.     Upon information and belief, Sullivan Custom Wood Floors, Inc. (d/b/a Sullivan Wood Floors), is a corporation organized and existing under the laws of the state of New York.

Upon information and belief, it maintains its principal place of business at 1455 Cromwell Ave, Bronx, New York 10452.

21.     At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

22.     Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

23.     Defendant had control over the wages and compensation of its employees, including Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Edward Scott*

24.     Defendant Edward Scott is an individual engaging (or who was engaged) in business in this District during the relevant time period.

25.     Defendant Scott is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

26.     Upon information and belief, Defendant Scott possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation

27.     Upon information and belief, Defendant Scott had control over the wages and compensation of the Company's employees, including Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

28.     Defendants operate a business in the Bronx section of New York, known as Sullivan Wood Floors, which installs flooring.

4

29.     Defendants possess or possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

30.     Defendants employ Plaintiff, and is his (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     At all relevant times, Defendants have been Plaintiff's employer within the meaning of the FLSA and NYLL. Defendants have the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for his services.

32.     From 2009 to present, Defendants have had a gross annual volume of sales of not less than $500,000.

33.     In addition, upon information and belief, Defendants are directly engaged in interstate commerce. For example, numerous items that are used and sold daily at Sullivan Wood Floors were produced outside the State of New York.

*Plaintiff Danny Alarcon*

34.     Plaintiff is a currently employed by Defendants as a driver and installer of flooring.

35.     Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

36.     Plaintiff has been employed by Defendants since approximately April 2009.

37.     Plaintiff regularly handles goods in interstate commerce, such as installation equipment and other flooring supplies and/or products produced outside the State of New York.

38.     Plaintiff's work duties require neither discretion nor independent judgment.

5

39.    Plaintiff regularly worked in excess of 40 hours per week.

40.    Prior to approximately August 2017, Plaintiff did not clock in or out of his shifts.

41.    From approximately April 2009 until approximately August 2017, Plaintiff worked for Sullivan Wood Floors from approximately 7:30 a.m. until at least 5:30 p.m. five days a week (50 hours per week) during the months of October through May, and from approximately 7:30 a.m. until at least 5:30 p.m. six days a week (60 hours per week) during the months of June through September.

42.    Prior to approximately August 2017, Plaintiff was paid a portion of his wages in cash.

43.    From approximately April 2009 until approximately August 2017, Plaintiff was paid $1,000.00 per week.

44.    Defendants only granted Plaintiff a short meal break, but no rest periods were given.

45.    Defendants never provided Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

46.    No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

47.    Defendants never provided any notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

48.    Upon information and belief Defendants employ more than 11 employees.

49.    Pursuant to New York State Minimum Wage Laws, large employers, who employ 11 or more employees, are required to pay a general minimum wage rate of $11.00 per hour.

6

50.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

51.     Defendants' pay practices resulted in Plaintiff and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

52.     Plaintiff and similarly situated individuals were victims of Defendants' common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

53.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

54.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

55.     Defendants, prior to August 2017, failed to maintain a system which recorded and stored the time employees started and ended their shifts.

56.     Defendants, prior to August 2017, paid Plaintiff a portion of his wages in cash.

57.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff, at all relevant times, properly for (1) minimum wage due, and (2) for overtime due.

7

58.     Defendants failed to provide Plaintiff and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

59.     Defendants failed to provide Plaintiff and other employees, at the time of hiring, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

60.     Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61.     At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were

8

subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

62.     The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

63.     Plaintiff re-avers and re-alleges the allegations set forth in paragraphs 1 through 62 above, as though fully set forth herein.

64.     At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

65.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

67.     Defendants failed to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

68.     Defendants' failure to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

69.     Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, and such other relief deemed just and appropriate.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

70.     Plaintiff re-avers and re-alleges the allegations set forth in paragraphs 1 through 62 above, as though fully set forth herein.

71.     Defendants failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

72.     Defendants' failure to pay Plaintiff and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, and such other relief deemed just and appropriate.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

74.     Plaintiff re-avers and re-alleges the allegations set forth in paragraph 1 to 62 above, as though fully set forth herein.

75.     Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

76.     Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of NYLL § 663.

77.     Plaintiff was damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, and such other relief deemed just and appropriate.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

78.     Plaintiff re-avers and re-alleges the allegations set forth in paragraph 1 to 62 above, as though fully set forth herein.

79.     Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

80.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

81.     Plaintiff was damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, and such other relief deemed just and appropriate.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

82.     Plaintiff re-avers and re-alleges the allegations set forth in paragraphs 1 to 62 above, as though fully set forth herein.

83.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, and such other relief deemed just and appropriate.

## SIXTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

85.     Plaintiff re-avers and re-alleges the allegations set forth in paragraph 1 to 62 above, as though fully set forth herein.

86.     Defendants never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

87.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, and such other relief deemed just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

12

d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

e)      Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f)      Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

g)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

i)      Declaring that Defendants' violations of the New York Labor Law were willful;

j)      Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages,

k)      Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

l)      Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

m)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

n)      Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

o)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       May 1, 2018

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
39 Broadway, Suite 2250
New York, NY 10006
PH:    (646) 560-3230
FAX:  (877) 253-1691

By:  _/s/ Nolan Klein_____
     NOLAN KLEIN, ESQUIRE
     (NK 4223)
     klein@nklegal.com
     amy@nklegal.com
     robin@nklegal.com

14

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____DANNY ALARCON_____, am an employee currently or
formerly employed by ___Sullivan custom wood floors___, and/or related entities.

I consented to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____4 / 23_____, 2018

_____
Signature

14